IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERYME MORGAN, # R-29175, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-430-SMY |
| | ) | |
| JOHN DOE (Mailroom Supervisor), | ) | |
| JANE DOE (Mailroom Supervisor), | ) | |
| and JACQUELINE LASHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeryme Morgan, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the John Doe/Jane Doe mailroom supervisors have intentionally opened his incoming legal mail on numerous occasions. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

According to the Complaint, Plaintiff was transferred to Menard in November 2014 from Stateville Correctional Center. (Doc. 1, p. 6). At the time, Plaintiff had several pending lawsuits in this Court against Menard officials. *Id.* In connection with those lawsuits, Plaintiff alleges

that he received legal mail from the Illinois Attorney General and from his own attorney. He also received mail from the Illinois Court of Claims with reference to a pending case.

Plaintiff alleges that on approximately 22 occasions between November 2014 and March 20, 2017, his "legal mail" was knowingly opened outside his presence by "all Defendants listed." (Doc. 1, p. 6). He further alleges that during that time frame, all Defendants "knowingly interfered" with correspondence between Plaintiff and his attorney, by opening or ripping his legal mail, some of which was lost. *Id.*

After filing his Complaint, Plaintiff submitted 47 pages of Exhibits. (Doc. 3). They include approximately 14 grievances filed between January 2015 and March 2017 in which Plaintiff complains about his incoming mail having been opened before he received it. He also submitted copies of approximately 20 of the opened envelopes. These include mail addressed to Plaintiff from attorney Barry Lewis (Doc. 3, p. 7), the law firm of Loevy & Loevy (Doc. 3, pp. 9-10, 28), the Cook County Public Defender (Doc. 3, p. 22), and the John Marshall Law School (Doc. 3, p. 47). Other incoming mail that was opened before being delivered to Plaintiff came from the Illinois Attorney General (Doc. 3, pp. 14-15, 18-19, 37-39, 43), the New York Attorney General (Doc. 3, pp. 13, 17, 35, 44), and the Illinois Court of Claims (Doc. 3, pp. 41, 45).

One of Plaintiff's grievances states that in October 2015, he sent an envelope to Attorney General Lisa Madigan on which he clearly printed "Legal Mail." (Doc. 3, pp. 25-27). The envelope was returned to Plaintiff due to some error on the address, and had been opened before he received it back.

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Defendants violated Plaintiff's First Amendment right to access the courts by opening correspondence between Plaintiff and his attorneys outside his presence;
>
> **Count 2:** Defendants violated Plaintiff's First Amendment rights by opening Plaintiff's incoming mail from attorneys, state officials, and the courts, and discarding or losing some of the contents.

Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. The portion of Count 2 based on the failure to deliver the contents of some incoming envelopes shall proceed for further review.

### Dismissal of Count 1 –Correspondence from Law Firms & Access to Courts

Plaintiff lumps together all the correspondence received from various senders to argue that his constitutional rights were violated when mailroom personnel opened what he describes as "legal mail" outside his presence. However, an inmate's right to have certain mail opened only in his presence applies only to correspondence between the inmate and an attorney who either is representing him, or from whom the inmate is seeking legal representation. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The envelope must be clearly marked as containing privileged attorney-client correspondence in order to receive the special treatment of being opened only in the presence of the inmate-recipient. *See Wolff v. McDonnell,*

418 U.S. 539, 576–77 (1974); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). Some of Plaintiff's incoming mail may have been attorney-client "legal mail," but only one of the envelopes included as exhibits was properly marked as such.

Mail from the Attorney General of Illinois does not fall into the category of legal mail between an inmate and his lawyer, because the Attorney General's office would be representing the defendants in Plaintiff's lawsuits, not Plaintiff. Plaintiff does not allege that the New York Attorney General was representing him in any litigation. As such, correspondence from these sources could be opened and inspected outside Plaintiff's presence without violating his constitutional rights.

Additionally, mail from the Illinois Court of Claims, where Plaintiff had a pending case, does not qualify as privileged legal mail.

> [W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Under this authority, a prisoner's rights are not violated when official court mail is opened outside his presence. *See Stone-El v. Fairman*, 785 F. Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks).

Accordingly, in addressing Count 1, the Court will consider only whether the opening of Plaintiff's correspondence with the attorneys who either represented him, or may have been responding to Plaintiff's requests for representation,[1] violated his rights.

Under the First Amendment, prisoners have the right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Nevertheless:

---

[1] Plaintiff never discloses the nature of his correspondence with these attorneys or law firms.

> that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a *warning that the letter is legal mail*, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S. Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir. 1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (emphasis added). *See also Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). Notably, "isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference," *see Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990) (the inadvertent or negligent opening of an occasional legal letter is not actionable).

As discussed in *Wolff*, *Kaufman*, and *Bruscino*, in order for privileged attorney-client correspondence to receive the special treatment of being opened only in the inmate's presence, the envelope must be clearly marked by the sender with a warning that the letter is "legal mail," "privileged legal correspondence," or some similar notice that draws attention to its confidential nature. The mere fact that an envelope bears the return address of a law office is not sufficient to alert prison officials that the contents are privileged and should be opened only in the presence of the inmate-recipient. Not every letter from a law office necessarily represents privileged attorney-client communications. *See Guajardo-Palma*, 622 F.3d at 805-06; *Kaufman*, 419 F.3d at 686.

In several of his grievances, Plaintiff asserts that his incoming envelope(s) were "clearly marked legal mail." (Doc. 3, pp. 20, 23). However, none of the incoming envelopes from

6

attorneys were marked in accordance with the directives in *Wolff*, *Kaufman*, or *Bruscino*. For example, the letter that prompted Plaintiff to write his January 5, 2015 grievance (and the duplicate grievance dated May 30, 2015) bore the return address of the Cook County Public Defender, dated December 2014. (Doc. 3, p. 22). It did not, however, include any warning that it was legal or privileged mail. The same is true of the envelopes addressed to Plaintiff from Lewis, Loevy & Loevy, and the John Marshall Law School. In fact, 4 of the 6 envelopes from lawyers or law firms were stamped at the prison mailroom with the notice:

> This correspondence was not clearly marked as "LEGAL" or "PRIVILEGED" therefore it was opened in the mailroom. Please notify sender so mail can be marked accordingly.

(Doc. 3, pp. 7, 9-10, 47).

If an attorney fails to mark correspondence sent to an inmate with the warning that it is privileged or legal mail, a prison official will not be held liable for opening such correspondence outside the inmate's presence. This is the situation with all of Plaintiff's incoming mail from attorneys.

The only instance where a legal letter was opened despite the clearly printed warning that it contained "Legal Mail" was Plaintiff's outgoing envelope to the Illinois Attorney General, postmarked October 26, 2015. (Doc. 3, p. 27). He explains that the envelope contained a document that "was the substance of a complaint that's missing." (Doc. 3, p. 25). By all appearances, this represented Plaintiff's communication with the attorney for an adverse party in one of his pending lawsuits. While the opening of this letter may have run afoul of prison rules, the Court cannot discern how the opening of the envelope would have impaired Plaintiff's ability to engage in privileged communication with his own attorney, or how it would have prejudiced his ability to pursue a lawsuit. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir.

7

2010) (harmless-error analysis applies to opening of inmates' communications with lawyers).

In order to maintain a claim for denial of access to the courts based on the improper opening of, or interference with attorney-client correspondence, a plaintiff must demonstrate some hindrance to his ability to prosecute a meritorious legal claim. No constitutional claim is stated unless the element of prejudice is met. *See Guajardo-Palma*, 622 F.3d at 805-06 ("whether the unjustified opening of [attorney mail] is a violation of the right of access to the courts or merely, as intimated in *Kaufman* and held in *Gardner*, a potential violation .... we think [as with claims challenging the adequacy of a prison's library or legal assistance program] there must b[e] a showing of a hindrance") (citing *Gardner v. Howard,* 109 F.3d 427, 430-31 (8th Cir.1997)); *Kaufman*, 419 F.3d at 686 (prisoner "offered no evidence that his ability to litigate any matter" was affected by the opening of mail from attorneys).

To summarize, the opening outside Plaintiff's presence of attorney mail that was not marked as "legal mail" or "privileged mail" did not violate the First Amendment. Further, Plaintiff has made no showing that the opening of any mail from attorneys created any prejudice or hindrance to his ability to pursue a legal claim or defense. For these reasons, **Count 1** fails to state a claim upon which relief may be granted, and will be dismissed without prejudice.

### Count 2 – Interference with Incoming Mail

With respect to general mail communications between an inmate and an outsider, a valid First Amendment claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir.

8

1987)))). Here, Plaintiff's grievances reflect that at least 5 of his incoming pieces of mail were not only opened, but that the contents were missing when he received the envelopes. On June 29, 2015, Plaintiff received 2 empty envelopes from the Illinois Attorney General.[2] (Doc. 3, pp. 16, 18-19). On July 5, 2015, he received an envelope from the Attorney General of New York, which was also empty. (Doc. 3, pp. 16-17). Plaintiff filed a grievance on March 17, 2016, complaining that he received another empty envelope from the New York Attorney General in February 2016, and had received other envelopes from the Illinois Attorney General and the Court of Claims with documents missing and/or torn. (Doc. 3, p. 42). In May 2016, a letter to Plaintiff from his attorney Caroline Hirst (of Loevy & Loevy) was opened, and Plaintiff received the envelope with all the contents removed. (Doc. 3, pp. 8-9).

These insidents may be considered "repeated occurrences" of the denial of Plaintiff's right to receive his mail. *See Zimmerman*, 226 F.3d at 572. On this basis, Plaintiff's First Amendment claim for interference with his mail in **Count 2** may proceed. In the absence of any suggestion that Plaintiff's constitutional rights were impaired by the mere opening of the remaining envelopes (none of which were marked as privileged or legal), the claim in **Count 2** shall be limited to the instances where the envelopes' contents were missing or damaged.

Count 2 states a claim against the John Doe and Jane Doe Mailroom Supervisors, who presumably opened the envelopes and lost or discarded the contents. However, Plaintiff has failed to include any facts to suggest that Warden Lashbrook personally opened his mail or mishandled the contents. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001)

---

[2] In this grievance, Plaintiff describes the opening of his mail as "ongoing retaliation." (Doc. 3, p. 16). Notably, he does not articulate a retaliation claim in the Complaint. Therefore, the Court shall not address the merits of any potential retaliation claim.

(citations omitted). Therefore, the claim against Lashbrook in her individual capacity is dismissed on initial review.

## Identification of Unknown Defendants

While Plaintiff will be allowed to proceed with Count 2 against the John Doe and Jane Doe Defendants, these defendants must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, while no viable claim has been asserted against Warden Lashbrook in her individual capacity, she shall remain as a Defendant in her official capacity as Menard Warden only. In that capacity, she will be responsible for responding to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the John Doe and Jane Doe Defendants are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

All claims against **LASHBROOK** in her individual capacity are dismissed without prejudice.

In order for **COUNT 2** to proceed, the Clerk of Court shall prepare for Defendant

**LASHBROOK (Official Capacity as Warden of Menard)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JOHN DOE and JANE DOE (Mailroom Supervisors)** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a plan for discovery aimed at identifying the unknown defendants with particularity.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

s/ STACI M. YANDLE
United States District Judge